UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRENCE HENDERSON,

        Petitioner,                      Case Number 07-14712
                                              Honorable Thomas L. Ludington

v.

THOMAS BELL,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S FIRST MOTION FOR ABEYANCE, DENYING PETITIONER'S SECOND MOTION FOR ABEYANCE, AND ADMINISTRATIVELY CLOSING CASE**

On November 11, 2007, Petitioner Terrence Henderson filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is a state inmate currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, challenges his convictions for carjacking and armed robbery. Petitioner has filed three pleadings that request the Court to hold the petition in abeyance to permit him an opportunity to exhaust an newly discovered claim. Dkt. # 17-19.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that he wishes to raise four additional claims in his petition. However, he has not exhausted those claims in state court, and, therefore, seeks a stay while he exhausts his state court remedies by filing a motion for relief from judgment in the trial court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for

failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner argues that one of his unexhausted claims were not presented in state court because it is newly discovered. He argues that appellate counsel was ineffective in failing to exhaust his additional unexhausted claims. The Court finds that Petitioner has asserted good cause for failing previously to present these claims in state court, that the claims are not "plainly meritless," and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court shall grant the request and stay further proceedings in this matter pending Petitioner's exhaustion of his claims.

The Court notes that Michigan Court Rule 6.502(G)(1) generally permits a defendant to file only one motion for relief from judgment. Petitioner already has filed a motion for relief from judgment. However, Michigan Court Rule 6.502(G)(2) permits a defendant to file a successive motion for relief from judgment under certain, limited circumstances, including when the defendant asserts a claim of newly discovered evidence. Therefore, it appears that an avenue for exhaustion remains available to Petitioner in state court.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the

petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

Accordingly, it is **ORDERED** that Petitioner's first request to hold petition in abeyance [Dkt. # 17] is **GRANTED**. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this court within sixty days after the conclusion of the state court proceedings

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

It is further **ORDERED** that the additional requests to hold the petition in abeyance [Dkt. # 18, 19] are **DENIED** as moot.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 1, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2009.

                                          s/Tracy A. Jacobs  
                                          TRACY A. JACOBS