UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRENCE HENDERSON,

        Petitioner,               Civil No. 1:07-CV-14712
                                                    Honorable Thomas L. Ludington

v.

THOMAS BELL,

        Defendants.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

On June 22, 2011, the Court issued an opinion and order denying Petitioner's application for a writ of habeas corpus, declining to issue a certificate of appealability, and denying Petitioner permission to appeal in forma pauperis based on the Court's conclusion that an appeal would be frivolous. On July 12, 2011, Petitioner filed a motion for reconsideration. *See* E.D. Mich. L.R. 7.1(h). Generally, a motion for reconsideration will not be granted unless the Petitioner demonstrates "a palpable defect by which the court and the parties" were misled and that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).

Petitioner first contends that the Court erred when it concluded that certain claims were procedurally defaulted because they were not presented for one complete round of appellate review in state court. After Petitioner was convicted, he filed a direct appeal to the Michigan Court of Appeals and his conviction was affirmed. He then filed a petition for review in the Michigan Supreme Court, but the Supreme Court rejected it as untimely. The Clerk of the Michigan Supreme Court has filed an affidavit confirming the petition was untimely, and Petitioner has provided no evidence to support his contention otherwise. [Dkt. # 14-11]. Petitioner's unsupported allegations are insufficient to overcome the Clerk's affidavit. Accordingly, there was no defect in the Court's

analysis.

Petitioner also contends that the Court should excuse the procedural default of his claims because of a "structural error" in the state court process. Specifically, Petitioner contends that his sentence was enhanced based on past criminal misconduct even though the prosecutor did not file a required written notice. *See* Mich. Comp. Laws § 769.13. The apparent state-law mistake that Petitioner complains of is not the sort of "fundamental miscarriage of justice" that will excuse a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 321, 327–29 (1995). First, Petitioner has not identified a constitutional error. *Id.* And second, even if there were a constitutional error, Petitioner does not even allege that the error led to the conviction of someone who is "actually innocent." *Id.* Again, there was no error in the Court's earlier analysis.

Accordingly, it is **ORDERED** that Petitioner's motion for reconsideration [Dkt. # 31] is **DENIED**. Petitioner is not entitled to reconsideration of his habeas petition, nor is he entitled to a certificate of appealability or permission to proceed in forma pauperis on appeal.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 4, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Terrence Henderson, #209415, at Michigan Reformatory, 1342 West Main Street, Ionia, MI 48846 first class U.S. mail on August 4, 2011.

s/Tracy A. Jacobs  
TRACY A. JACOBS